HOUSING AND REDEVELOPMENT AUTHORITY IN AND
FOR THE CITY OF MINNEAPOLIS v. HARRY
BEBERMAN AND ANOTHER.

183 N. W. (2d) 295.

January 22, 1971—No. 42425.

*Paul A. Skjervold* and *Harry Beberman,* pro se, for appellants.
*MacLaughlin & Harstad* and *Harry H. MacLaughlin,* for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Peterson, and
Frank T. Gallagher, JJ.

PER CURIAM.

Appeal from an order denying a motion for a new trial. The sole issue
presented is whether the trial court improperly required Harry Beber-
man, contract vendee (hereinafter called the owner), to testify on cross-
examination as to the price he had paid for the property. Because the
record discloses an adequate foundation for the court's ruling, we must
affirm.

In an appeal from a commissioners' award, the jury awarded appel-
lants $12,000 for the taking of property situated at 249 Penn Avenue
North in Minneapolis. Two older buildings—a gasoline filling station
now used only for storage and a steel garage used as an automobile
body shop—occupy the premises. The owner purchased the property
from appellant Midwest Federal Savings and Loan Association on June
13, 1966, which had acquired title to the property by foreclosure of its
mortgage. The purchase price was $10,500, which the owner was paying
in installments, and Midwest Federal retained the fee title. On August
2, 1968, the property was taken by the condemnor, the Housing and Re-
development Authority, as part of a housing project. The appellants'

notice of appeal from the commissioners' award of $12,000 claimed a market value of $25,000, amended to $48,000 at the close of all the testimony. Appellants' claim was based on expert testimony that the highest and best use of the property was for a filling station and that the market value at the time of taking for that use was $48,600. The condemnor's experts testified that the property's best use was for multiple-dwelling purposes and that its value was $10,500. The owner was also a witness, and the 1966 purchase price was elicited from him on cross-examination over objection of appellants' counsel on the ground of inadequate foundation. We are now asked to determine whether the trial court abused its discretion in ordering the owner to disclose the purchase price.

The trial record compels the conclusion that the court did not err in exercising its discretionary authority to admit the price paid into evidence. The requisite circumstance for admitting this type of evidence, which may in a given case favor either the landowner or the condemnor, is that the prior purchase price accurately reflects market value at the time of taking. Several factors have been isolated to guide trial courts in determining whether that circumstance is satisfied. They are summarized in a recent opinion of this court analyzing every aspect of the admissibility of this type of evidence:

"* * * Admissibility depends on whether the prior purchase price reflects market value at the time of taking, and this depends on whether the prior purchase price was not remote in time, whether other factors affecting market value have remained reasonably stable, and whether the sale was not a forced sale." State, by Mondale, v. Larson, 285 Minn. 467, 473, 174 N. W. (2d) 114, 118.

See, also, 5 Nichols, Eminent Domain (Rev. 3 ed.) § 21.2; 1 Orgel, Valuation under Eminent Domain (2 ed.) § 136.

The instant case is controlled by the Larson case, for our careful examination of the trial transcript read in its entirety shows that, under the rule enunciated, an adequate evidentiary foundation existed for the court's ruling. The prior purchase, 2 years before the taking, clearly could be deemed not remote in time. State, by Mattson, v. Schoberg, 279 Minn. 145, 155 N. W. (2d) 750. The sale of the property to the owner was a voluntary transaction between him and the prior mortgage owner and not a forced sale. City of Bloomington v. Vinge, 284 Minn. 202, 169 N. W. (2d) 752. Although there was conflict in the testimony regarding stability of factors affecting market value, no compelling evidence was submitted on this issue, and a court could justifiably accept, as sufficient

foundation for admitting evidence of the price paid, the testimony which supported the condemnor's claim that factors affecting market value had remained reasonably stable. The evidentiary foundation for admitting evidence of the purchase price being legally sufficient, we are compelled to affirm.

Affirmed.